# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

**Joseph Elton Shaver**                                                                 **Plaintiff**

**v.**                       **No. 4:13-CV–730-BRW-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                      **Defendant**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Billy Roy Wilson.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wilson may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Joseph Elton Shaver seeks judicial review of the denial of his application for disability income benefits.[3] Shaver last worked in March 2007, as a diesel mechanic for a trucking company.[4] He bases his disability claim on back pain, obesity, high blood pressure, and sleep apnea.[5] He claims he has been disabled since he was 30 years old.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Shaver has severe impairments — morbid obesity and sleep apnea[6] — but he can do sedentary work.[7] Because a vocational expert identified available sedentary work,[8] the ALJ determined that Shaver is not disabled and denied the application.[9]

After the Appeals Council declined to review,[10] the ALJ's decision became the

---

[3] SSA record at pp. 140 & 148 (alleging disability beginning Mar. 31, 2007).

[4] *Id*. at pp. 162, 177 & 182.

[5] *Id*. at p. 176.

[6] *Id*. at p. 12.

[7] *Id*. at p. 14.

[8] *Id*. at pp. 57-58.

[9] *Id*. at pp. 17-18.

[10] *Id*. at p. 1.

Commissioner's final decision for the purpose of judicial review.[11] Shaver filed this case to challenge the decision.[12] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Shaver's allegations**. Shaver challenges the ALJ's decision that he can do sedentary work. He contends the ALJ erred by finding that degenerative disc disease in the spine and neuropathy are non-severe impairments. He says, considered together, his impairments prevent sedentary work. He characterizes the ALJ's evaluation of his credibility as "meaningless boilerplate." For these reasons, he maintains substantial evidence does not support the ALJ's decision.[14]

---

[11] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12] Docket entry # 1.

[13] *See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[14] Docket entry # 16.

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Shaver can do sedentary work.[15] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[16] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[17] The court must determine whether Shaver has serious functional limitations that prevent sedentary work.

**Shaver has no very serious functional limitation preventing sedentary work**. When asked why he can't work, Shaver identified back pain.[18] He said back pain makes it difficult to stand or sit for any length of time. Shaver's allegations are not enough to prove he is disabled. A determination about a claimant's ability to

---

[15]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[16]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[17]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[18]SSA record at pp. 37 & 43-45.

work must be supported by medical evidence.[19] The medical evidence shows nothing preventing sedentary work.

Shaver weighed 420 pounds at the time of his hearing.[20] He has a body mass index (BMI) of 57.[21] A person with a BMI of over 40 is considered morbidly obese.[22] Shortness of breath, lower back pain from carrying excessive body weight, high blood pressure, and sleep apnea are common secondary symptoms of obesity.[23] Shaver complains about these symptoms, but no medical findings show these symptoms prevent Shaver from doing sedentary work.

Pulmonary function testing shows Shaver's airways are unobstructed.[24] Diagnostic imaging shows only minimal degenerative changes in the spine.[25]

---

[19] 42 U.S.C. § 423 (d)(5)(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. § 404.1508.

[20] SSA record at p. 295.

[21] *Id*. at pp. 295 & 301.

[22] Tish Davidson & Teresa G. Odle, 4 The Gale Encyclopedia of Med. 3127 (4th ed.).

[23] Rosalyn Carson-DeWitt, Tish Davidson, Rebecca J. Frey, Stanley Garn, Elizabeth Reid Holter & Maia Appleby, 4 The Gale Encyclopedia of Med. 3118 (4th ed.).

[24] SSA record at p. 262. *See also id*. at pp. 238, 255 & 284 (exams in which medical provider found clear lungs and good air movement).

[25] *Id*. at p. 253.

Hypertension is controlled with medication.[26] A sleep study confirmed the presence of sleep apnea; a sleep specialist prescribed treatment.[27]

Shaver has seen few medical providers since he stopped working, but those medical providers prescribed weight loss, diet changes, exercise, and the cessation of smoking.[28] Instead of losing weight, Shaver gained 70 pounds since he stopped working.[29] His only diet change is avoiding fried foods.[30] He does not exercise.[31] He continued to smoke until his hearing.[32]

Shaver's non-compliance weighs against his claim because, in order to receive disability benefits, a claimant must comply with prescribed treatment if treatment will restore the ability to work.[33] A claimant's failure to follow medical advice without

---

[26] *Id.* at pp. 286 & 294.

[27] *Id.* at pp. 301-02.

[28] *Id.* at p. 244 (Sept. 3, 2008); p. 256 (Dec. 9, 2010); p. 286 (June 10, 2011); p. 284 (Feb. 20, 2012) & p. 302 (Aug. 14, 2012).

[29] *Compare id.* at p. 244 (over 350 on Sept. 3, 2008), *with id.* at p. 295 (420 on July 25, 2012).

[30] *Id.* at p. 36 (trying to lose weight, mostly by getting away from fried foods).

[31] *Id.* at pp. 36 & 295.

[32] *Id.* at p. 38 (testifying that he quit 31 or 32 days ago).

[33] 20 C.F.R. § 404.1530.

good reason bars him from obtaining disability benefits.[34] Shaver has no good reason for not following medical advice. Shaver faults the ALJ's evaluation of his credibility, but his non-compliance weighs against his credibility.[35] Logically, if a claimant suffers disabling pain, he would comply with prescribed treatment to alleviate his pain.

In addition, medical findings provide no basis for Shaver's complaints. Shaver had little medical evidence when he applied for disability benefits. The ALJ responded by ordering a physical exam,[36] diagnostic imaging of the back,[37] and pulmonary function testing.[38] Two negative medical findings resulted: (1) a reduced range of motion in the back due to obesity and back pain,[39] and (2) the inability to

---

[34] *See Tome v. Schweiker*, 724 F.2d 711, 713-14 (8th Cir. 1984) ("The Secretary's regulations provide that a claimant who fails to treat a remediable condition without good reason is barred from entitlement to benefits."). *See* 20 C.F.R. § § 404.1530 & 416.930 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work.").

[35] *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). *See also Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (consistent recommendations to increase physical exercise are inconsistent with a claim of physical limitation).

[36] SSA record at p. 247.

[37] *Id*. at p. 253.

[38] *Id*. at p. 262.

[39] *Id*. at p. 249.

squat and rise from a squatting position.[40] Neither finding prevents sedentary work.

The physical examiner reported moderate limitations in standing and walking.[41] Such limitation does not prevent sedentary work. Treatment records reflect no very serious functional limitation preventing sedentary work. Agency medical experts opined that Shaver can do sedentary work.[42] To the extent, Shaver complains about neuropathy, that impairment does not meet the duration requirement.[43]

The ALJ asked a vocational expert about available sedentary work. The vocational expert identified surveillance monitor, document preparer, and optical goods worker.[44] The vocational expert's response shows work exists that Shaver can do regardless of whether such work exists where he lives, whether a job vacancy

---

[40] *Id.* at p. 250.

[41] *Id.* at p. 251.

[42] *Id.* at pp. 266-74.

[43] *See* 42 U.S.C. § 1382c(a)(3)(A) (specifying duration requirement for disability benefits). *See also* 20 C.F.R. § 404.1505(a) ("The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.").

[44] SSA record at pp. 57-58.

exists, or whether he would be hired if he applied for work.[45] A reasonable mind would accept the medical evidence and the opinion evidence as adequate to show Shaver can do sedentary work.

## Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Shaver's request for relief (docket entry # 1) and AFFIRMING the Commissioner's decision.

Dated this 17th day of October 2014.

_____
United States Magistrate Judge

---

[45] 42 U.S.C. § 1382c(a)(3)(B) (defining disabled for the purpose of disability benefits).